UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MISTY ALLARD,                                         No. 07-11487

                                        Debtor(s).
_____/

MISTY ALLARD,

                                        Plaintiff(s),

             v.                                          A.P. No. 11-1313

G & P ENTERPRISES, LLC, et al.

                                        Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

      In this adversary proceeding, Chapter 7 debtor and plaintiff Misty Allard seeks to enjoin collection of homeowners' association dues on a condominium she owned prior to and for a time after her bankruptcy in 2007. The dues all accrued after she filed her bankruptcy petition and before the foreclosure sale of a lienholder terminated her ownership. All parties seek a determination as to the dischargeability of these dues. Defendant Courtyards East Homeowners Association's motion for summary judgment is now before the court. Its agent, defendant G & P Enterprises, LLC, joins in the motion.

      There are no disputed facts. Immediately upon filing her bankruptcy, Allard moved out of the property, filed a Statement of Intent to surrender the property, and made no payments to secured

1

creditors. The fees which defendants seek to collect all accrued after the bankruptcy.

The history of the law of dischargeability of homeowners association dues is well set out in *In re Foster*, 435 B.R. 650, 657-59 (9th Cir. BAP 2010), so there is no need to repeat it here. It is sufficient to note that inconsistent rulings by the courts prompted Congress to deal with the issue by statute. All parties agree that this case is governed by § 523(a)(16) of the Bankruptcy Code as last amended in 2005, which provides that there is an exception to discharge "for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership, in a share of a cooperative corporation, or a lot in a homeowners association, for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit . . . ."[1]

Allard's principal argument is that the statute is unfair, because she has no means of controlling the foreclosure process and therefore no means of terminating her liability for association dues even though she moved out of the property, filed a Statement of Intent to surrender the property, and made no payments to secured creditors after filing the bankruptcy. While the court has sympathy with Allard's predicament, it is required to rule according to the statute and not its sympathy. The fact of the matter is that Allard (or, pursuant to § 541(a) of the Code, the bankruptcy trustee) had both a legal and an equitable interest in the condominium until the foreclosure sale. She was able to divest herself only of her possessory interest, and had no ability to shed legal or equitable ownership without the consent someone willing to accept ownership.[2]

The court also notes that prior to 2005 the statute limited nondischargeable homeowners' association fees to those payable when the debtor "physically occupied " the unit. In essence, Allard

---

[1] Section 523(a)(16) does not apply in Chapter 13 cases, requiring a complicated analysis in those cases as to whether the obligation to pay condominium fees is a covenant running with the land. This case is a Chapter 7 case, so the court need only interpret the statute.

[2] A person cannot be forced to take title to real property against his will, so even if Allard had recorded a deed to the property it would not have terminated her ownership interest. 3 **California Real Estate L & P**, Deeds and Transfer of Title, § 80.41.

2

argues that the court should apply the old law even though Congress removed this protection. That is not the proper role of the court.

Allard argues that § 523(a)(16) is ambiguous, citing a comment in *Collier on Bankruptcy* to the effect that a possible reading is that "as long as" means that the debt is only initially nondischargeable, but turns dischargeable once the debtor no longer owns the property. This tortured reading of the statute makes no sense to the court, as none of the other 18 exceptions to discharge is mutable; if Congress had intended to create the idea of a temporarily nondischargeable debt, it would certainly have said it more clearly. While the court does not find the statute ambiguous, if it did it would find, based on the legislative history, that Congress intended that postpetition homeowners' fees are forever nondischargeble irrespective of whether the debtor physically occupies the property. 4 **Collier on Bankruptcy (16th Ed.)**, ¶ 523.24, p. 523-126.[3]

The court finds no merit to Allard's argument that the defendants must be enjoined from collecting against her personally because they have "made no attempt to exhaust recovery from the property." Allard has not filed any declaration or otherwise established a triable issue of fact that defendants have any remaining remedy as to the property. In fact, Allard's own admission that the property was foreclosed upon in 2008 seems to establish that the property is no longer a source of recovery. If there are some facts which would indicate that such a remedy still exists, it was Allard's responsibility to produce them.[4]

---

[3] As many courts have noted, any ambiguity in the 2005 amendments to the Bankruptcy Code is most readily resolved against the debtor, as "[n]obody who reads BAPCPA as a whole can reasonably conclude that it was designed to enhance the individual debtor's 'fresh start.'" *In re Maharaj,* 681 F.3d 558, 566 (4th Cir. 2012), citing *In re Gbadebo,* 431 B.R. 222, 229 (Bkrtcy.N.D.Cal. 2010). Indeed, the legislative history cited by *Collier* clearly states that the purpose of the amended version of §523(a)(16) was intended "to broaden the protections accorded community associations . . . ." H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 88.

[4] Allard's argument was taken from *In re Ames,* 447 B.R. 680 (Bkrtcy.D.Mass. 2011). However, the portion of that case which discusses the source of recover deals with the automatic stay, not dischargeability. In this case, the automatic stay expired years ago.

3

For the foregoing reasons, defendants' motion for summary judgment will be granted. The court will enter a judgment declaring that all postpetition dues are nondischargeable up until the time of the foreclosure sale. Defendants shall recover their costs of suit.

Counsel for Defendant Courtyards East Homeowners Association shall submit a form of order granting its motion for summary judgment and a form of judgement conforming to this decision.

Dated: July 10, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge