UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MISTY ALLARD,                                           No. 07-11487

                              Debtor(s).
_____/

MISTY ALLARD,

                               Plaintiff(s),

        v.                                            A.P. No. 11-1313

G & P ENTERPRISES, LLC, et al.

                               Defendant(s).
_____/

Memorandum on Motion for Attorneys' Fees
_____

       The issue in this adversary proceeding was whether recent changes to the Bankruptcy Code made postpetition condominium dues nondischargeable even when the debtor had abandoned the condominium. As the court noted in granting summary judgment in favor of the defendant HOA, there is something of an ambiguity in the statute. The court resolved the ambiguity in favor of the HOA.

       This adversary proceeding was commenced by Chapter 7 debtor Allard, not the HOA. While she prayed for injunctive relief, she did not seek a TRO or a preliminary injunction. There was never any impediment to the HOA's collection efforts in state court.

The court granted the HOA's motion for summary judgment and entered judgment in its favor on July 25, 2012, awarding the HOA its costs. On August 8, 2012, the HOA moved for an award of its attorneys' fees. That is the issue now before the court.

The HOA is not entitled to attorneys' fees because it failed to comply with Rule 7008(b) of the Federal Rules of Bankruptcy Procedure. That rule provides: "A request for an award of attorney's fees shall be pleaded as a claim in a complaint, cross-claim, third-party complaint, answer, or reply as may be appropriate." The HOA's answer does not plead for attorneys' fees as a claim. It only adds a prayer for attorneys' fees at the end. A mere prayer for attorneys' fees does not satisfy Rule 7008(b). *Fotouhi v. Mansdorf,* 427 B.R. 798, 805 (N.D. Cal. 2010)[Breyer. D.J.]; *In re Odom,* 113 B.R. 623, 625 (Bkrtcy.C.D.Cal. 1990).["Although plead with specificity, Plaintiffs' request for fees is in the form of a prayer only. Such a request is deemed insufficient under Rule 7008(b)."]; *In re Ormsby*, 2008 WL 4372427 (E.D. Cal. 2008).

Moreover, the CC&R provisions relied upon by the HOA are nowhere near broad enough to encompass this action. The CC&Rs provide: "If any action is brought to collect any such charge, there shall be added to the amount thereof costs of suit and reasonable attorneys' fees to be fixed by the court and included in any judgment in the action." This was not an action to collect anything. It was an action for declaratory relief brought by a debtor who needed to know if her bankruptcy discharge encompassed all her obligations to the HOA. The court issued no injunction against the HOA or otherwise impeded its collection efforts. In order for attorneys' fees to be awarded to a prevailing party in bankruptcy proceedings, the provision for attorneys' fees must be broad enough to encompass bankruptcy proceedings. Fee-shifting provisions are strictly construed, and not given effect beyond their express wording. *In re Foster,* 435 B.R. 650, 663 (9th Cir. BAP 2010)(denying attorneys' fees to an HOA because the provision in the covenants governing the right of the HOA to fees did not encompass the issue being litigated in bankruptcy court).

The court finds that the attorneys' fees provisions in CC&Rs in this case are not broad enough to encompass an action by a homeowner merely seeking declaratory relief as to her discharge rights.

Even if they were broad enough, the HOA did not meet the requirements of Rule 7008(b). Accordingly, its motion for attorneys' fees will be denied. Counsel for the HOA may submit an appropriate form of order if it desires one.

Dated: September 25, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge